IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FRANCIS JEAN-LOUIS, :
:
      Plaintiff, :
:
   v. : Civil Action No. 15-524-CFC
:
CAPITAL ONE, :
:
      Defendant. :

---

Frances Jean-Louis, Philadelphia, Pennsylvania. Pro Se Plaintiff.

Barry M. Willoughby, Esquire, and Lauren E.M. Russell, Esquire, Young, Conaway, Stargatt & Taylor LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

November 5, 2018
Wilmington, Delaware

**CONNOLLY, U.S. District Judge**

## I. INTRODUCTION

Plaintiff Frances Jean-Louis ("Plaintiff"), who proceeds *pro se*, filed this employment discrimination case on June 22, 2015, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (D.I. 2) She also alleges defamation. Defendant Capital One ("Defendant") moves to dismiss for failure to prosecute and failure to cooperate in discovery or, in the alternative, for summary judgment. (D.I. 25) Defendant also moves to strike exhibits and related portions of Plaintiff's response and answer to its motion to dismiss. (D.I. 28) Plaintiff opposes both motions. (D.I. 27, 30)

## II. BACKGROUND

Plaintiff alleges employment discrimination by reason of religion when she was not promoted in October 2013 and then terminated from her employment in December 2013. (D.I. 2) After Plaintiff failed to timely serve Defendant, the Court issued an order on April 29, 2016, for Plaintiff to show cause why her case should not be dismissed for failure to timely serve. (D.I. 8) Plaintiff responded, she was given an extension of time to serve, and Defendant was served on May 31, 2016. (D.I. 9, 12, 20)

Once Defendant answered the Complaint, the Court entered a scheduling order on June 21, 2016. (D.I. 16) The order set a discovery deadline of December 22, 2016 and a summary judgment deadline of February 22, 2017. (D.I. 16)

On June 22, 2016, Defendant served Plaintiff a request for production of documents. (D.I. 19) When Plaintiff failed to respond to the discovery requests, she was contacted by defense counsel and, as of March 22, 2017 has not responded to the discovery requests. (D.I. 26-2 at 1) On June 22, 2016, Defendant also served Plaintiff

1

with a notice to take her deposition on August 2, 2016. (D.I. 17) Plaintiff did not appear for her deposition. (*Id.*) Plaintiff's deposition was rescheduled for August 26, 2016. (D.I. 22) According to Defendant, on August 25, 2016, Plaintiff requested postponement of her deposition because she was trying to acquire counsel, and Defendant agreed to postpone the deposition. (D.I. 26 at 5)

On November 21, 2016, Plaintiff asked the Court for an extension to "seek legal counsel." (D.I. 23) Defendant advised the Court that it did not oppose Plaintiff's request to the extent she sought an extension of the December 22, 2016 discovery deadline. (D.I. 24) Plaintiff did not seek an extension of the discovery deadline, and it was not extended by the Court. Defendant states that, since November 2016, Plaintiff has not contacted Defendant's attorney to explain her failure to engage in discovery, and Plaintiff has failed to respond to Defendant's attempts to contact her which includes attempts to reschedule her deposition. (D.I. 26 at 6)

On February 22, 2017, Defendant filed the pending motion to dismiss for failure to prosecute and failure to cooperate in discovery, or in the alternative for summary judgment.[1] (D.I. 25)

## III. LEGAL STANDARDS

Federal Rule Civil Procedure 37(b)(2) provides for sanctions once a court has ordered a party to answer discovery and the party fails to comply with the order. Fed. R. Civ. P. 37(b)(2). Rule 37(d) provides for sanctions when a party fails to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection.

---

[1] Because dismissal is warranted for Plaintiff's failure to prosecute, the Court will not address Defendant's alternative motion for summary judgment.

2

Fed. R. Civ. P. 37(d). Dismissal of an action pursuant to Rule lies within the discretion of the trial court. *See Curtis T. Bedwell and Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 691 (3d Cir. 1988).

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Court considers the following factors to determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The Court must balance the factors and may dismiss the action even if all of the factors do not weigh against Plaintiff. *See Emerson*, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

## IV. DISCUSSION

Defendant seeks dismissal for Plaintiff's failure to prosecute due to her failure to respond to discovery, failure to respond to Defendant's attempts to reschedule her deposition, and failure to respond to Defendant's attempt to contact her. (D.I. 26) Defendant argues that, because the *Poulis* factors have been met, dismissal is an appropriate sanction. (*Id.*) Plaintiff responds there has been no dilatory conduct, Defendant agreed to an extension and could have contacted her anytime, it is up to both sides to "work things out" according to each schedule, and she is continuing with prosecution of the case. (D.I. 27) Plaintiff argues that Rule 37 is inapplicable, she asks for a stay, and requests more time to respond to Defendant's discovery requests. (D.I. 30 at 2)

Plaintiff's response includes documents filed in opposition to Defendant's alternative motion for summary judgment. (D.I. 27 at 4-24) Defendant moves to strike the documents noting that Plaintiff failed to produce them in response to discovery requests and failed to provide Defendant with a reasonable explanation for her failure to produce the responsive documents in her possession. (D.I. 28)

Having reviewed the filings, the Court finds that the *Poulis* factors warrant dismissal of Plaintiff's Complaint. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting her claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, Defendant is prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff did not seek an extension of the discovery deadline. Prior to the

4

December 22, 2016 deadline, Plaintiff did not respond to discovery propounded upon her, did not appear for her first deposition, cancelled her rescheduled deposition the day before it was to take place, and, it seems, would not coordinate with Defendant to reschedule the deposition. In addition, there is no indication that Plaintiff ever sought discovery from Defendant. Plaintiff blames Defendant, arguing that it agreed to an extension and could have contacted her anytime. Plaintiff commenced this action, and it up to her to prosecute her case. Her failure to cooperate in discovery impedes Defendant's ability to conduct discovery and/or develop trial strategy.

As to the third factor, there is a history of dilatoriness. The court docket indicates that Plaintiff did not serve Defendant until a show cause order was issued, she never responded to Defendant's discovery request, she did not appear for her first scheduled deposition and, although she asked the Court for time to retain an attorney, an attorney has not appeared, and she continues to proceed *pro se*.

As to the fourth factor, the Court is unable to discern whether Plaintiff's failure to prosecute is willful or in bad faith but notes that Plaintiff did not respond to discovery requests, nor appear for her first scheduled deposition. As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Although the Court denied Plaintiff's request to proceed *in forma pauperis*, she has claimed poverty, and it is doubtful monetary sanctions would be effective. As to the sixth factor, due to the lack of discovery it is difficult to assess the merits of Plaintiff's claim.[2]

---

[2] As to the employment discrimination claim, Defendant proffered a legitimate, non-discriminatory reason for terminating Plaintiff's employment. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (if a defendant proffers a non-discriminatory reason for an adverse employment decision, the burden shifts to the plaintiff to offer some evidence that the defendant's reason was pretext for

Due to Plaintiff's failure to respond to discovery requests, appear, or make herself available to be deposed in an action she commenced, and failure to adequately explain her dilatory actions, the Court finds that the *Poulis* factors weigh in favor of dismissal. Therefore, the Court will grant the motion to dismiss for failure to prosecute. The Court will deny as moot, Defendant's motion to strike.

## V. CONCLUSION

For the above reasons, the Court will: (1) grant Defendant's motion to dismiss for failure to prosecute and deny as moot Defendant's motion for summary judgment (D.I. 25); and (2) deny as moot Defendant's motion to strike exhibits and related portions of Plaintiff's response and answer to Defendant's motion to dismiss (D.I. 28).

An appropriate Order follows.

---

discrimination). With regard to the defamation claims raised under Delaware, Defendant argues that it is immune from suit under Delaware's absolute litigation privilege as to statements made during the course of the Delaware Department of Labor and EEOC litigation. *See Barker v. Huang*, 610 A.2d 1341, 1345 (Del. 1992).